IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

STOVER, INC.                                                                                          PLAINTIFF

VS.                                         CASE NO. 4:14-CV-4105

DTREDS, LLC                                                                                         DEFENDANT

## **ORDER**

Before the Court is Plaintiff Stover, Inc.'s Motion for Preliminary Injunction. (ECF No. 9). Defendant DTREDS, LLC has filed a response to the motion. (ECF No. 34). On August 20, 2014, the Court granted Plaintiff's Motion for Temporary Restraining Order and set this matter for hearing on September 3, 2014. (ECF No. 10). The TRO was conditioned on a $10,000.00 bond filed by Plaintiff. (ECF No. 13). On September 3, 2014, Plaintiff appeared before the Court for a hearing on the Motion for Preliminary Injunction (ECF No. 8). Defendant was not present at the hearing. After reviewing the evidence and testimony submitted at the hearing, the Court found that an extension to the TRO was needed in order for the Court to fully consider Plaintiff's preliminary injunction arguments. The TRO was extended to September 17, 2014. (ECF No. 27). Thereafter, Defendant appeared in this action and requested an extension of time to respond to Plaintiff's Motion for Preliminary Injunction. Defendant also gave its consent to the TRO being extended to September 26, 2014. (ECF No. 32). The Court granted Defendant's request for additional time and extended the TRO to September 26, 2014. (ECF No. 33). The preliminary injunction issue has now been briefed by all parties, and the Court finds this matter ripe for consideration.

Plaintiff filed a Complaint against Defendant alleging breach of contract, promissory

1

estoppel, and fraud.  Plaintiff's claims arise out of an agreement between Plaintiff and Defendant for subcontracting work to be performed on Red River Army Depot Project No. W911RQ12F0112.  More specifically, Harris IT enlisted Defendant to perform certain work on the project, and Defendant then subcontracted with Plaintiff to perform the boring work on the project.  Plaintiff alleges that Defendant consistently failed to make timely payments to Plaintiff for its work on the project.  Plaintiff claims that it is currently owed $194,515.00 for work completed on the project.  This alleged failure to pay is the sole basis for this lawsuit.

The substance of Plaintiff's Motion for Preliminary Injunction Motion is essentially the same as its Motion for Temporary Restraining Order that the Court granted on August 20, 2014. Plaintiff claims that Defendant will soon be paid a substantial sum by Harris IT for work completed on the project.  Plaintiff asks the Court to prohibit Defendant from possessing or transferring to any person or entity other than Plaintiff any proceeds that are paid to Defendant by Harris IT.   Plaintiff argues that this extraordinary intervention is necessary because they believe Defendant will not willingly pay Plaintiff from the forthcoming proceeds.  Plaintiff also claims that Defendant might shut down their company operations to avoid making payments to their subcontractors and employees.  According to Plaintiff, if Defendant is allowed to freely possess or transfer project proceeds, irreparable harm will result.

The determination of whether a preliminary injunction is warranted involves consideration of "(1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties … ; (3) the probability that movant will succeed on the merits; and (4) the public interest." *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981).  "The party seeking injunctive relief bears the burden of proving all the *Dataphase* factors." *Watkins Inc. v. Lewis*, 346 F.3d

841, 844 (8th Cir. 2003).

"The basis of injunctive relief in the federal courts has always been irreparable harm and inadequacy of legal remedies." *Id.* (quoting *Bandag, Inc. v. Jack's Tire & Oil, Inc.*, 190 F.3d 924, 926 (8th Cir. 1999)). "Failure to show irreparable harm is an independently sufficient ground upon which to deny a preliminary injunction." *Id.* Irreparable harm typically does not exist in cases where a party is pursing monetary damages that they will be entitled to if they prevail in the action. *Adam-Mellang v. Apartment Search, Inc.*, 96 F.3d 297, 300 (8th Cir. 1996). *See Jameson v. State Farm Mut. Auto. Ins. Co.*, 871 F. Supp. 2d 862, 871 (W.D. Mo. 2012) ([P]laintiff has failed to demonstrate that there is not an adequate remedy at law. Plaintiff would be fully compensated for her alleged injuries through damages on her claims for breach of contract…."); *Welsco, Inc. v. Brace*, 4:12-CV-00394, 2012 WL 4087224 at *10 (E.D. Ark. Sept. 17, 2012) ("[Plaintiff] does not face irreparable harm because there is an adequate remedy at law. Money damages [for breach of contract] will serve as an adequate remedy here[.]")

In this case, the Court finds that Plaintiff has failed to show irreparable harm and inadequacy of legal remedies. The basis of this lawsuit is Defendant's alleged failure to pay Plaintiff for work completed on the project. If Plaintiff prevails on its breach of contract claim, it will be entitled to the monetary damages that will fully compensate Plaintiff for Defendant's lack of payment. Plaintiff acknowledges that it is entitled to these damages but argues nonetheless that irreparable harm is imminent because Defendant might shut down its operations to avoid paying its employees and subcontractors. Plaintiff argues, without supporting law, that if Defendant shuts down its operations, Plaintiff will never be able to recover the payments owed. The Court finds this argument without merit for two reasons. First, Plaintiff has failed to produce any credible evidence that Defendant is planning on shutting down its operations to

avoid payments.  The only evidence offered on this point was the testimony of Phillip Stover who testified that he heard third hand that Defendant planned to shut down its operations and reopen under a new company name.[1]  These statements do not provide a sufficient basis for this Court to issue a preliminary injunction.  Second, even if Defendant were to shut down its operations and reopen under a different name, Plaintiff has not shown that it will be unable to pursue this action against the newly formed entity.

Because Plaintiff has failed to show that it lacks an adequate remedy at law, the Court will not issue a preliminary injunction.[2]  Accordingly, Plaintiff's Motion for Preliminary Injunction should be and hereby is **DENIED**.  The Temporary Restraining Order (ECF Nos. 10, 15, 27, & 33) issued by this Court is hereby dissolved.

**IT IS SO ORDERED**, this 26th day of September, 2014.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge

---

[1] The original source of the information was an employee of DTREDS who "overheard" a conversation between the president of DTREDS and another individual.  The employee who overheard this told another individual who told Phillip Stover.

[2] While the existence of an adequate remedy at law is a sufficient basis on which to deny Plaintiff's motion, the Court finds that the balance between the harm to Plaintiff and the injury that the injunction will inflict on other parties counsels against issuing a preliminary injunction.  Plaintiff admits that it is one of many subcontractors who have allegedly not been paid by Defendant.  Additionally, one of Defendant's creditors, Action Capital Corporation, appeared at the TRO hearing and informed the Court of their alleged security interest in payments made to Defendant.  Action Capital Corporation argues that their interest is superior to the interests of Defendant's subcontractors on the project, including Plaintiff.  In sum, there are numerous parties who are owed money by Defendant, and the Court cannot say with any confidence that Plaintiff's interests are superior to these other parties. Accordingly, the Court finds that the risk of injury to these other parties warrants a denial of Plaintiff's Motion for Preliminary Injunction.